# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: 0:14-CV-01494

| | |
|---|---|
| Threasa E. Steiner,<br><br>        Plaintiff,<br><br>v.<br><br>American Accounts & Advisers, Inc.<br><br>        Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Threasa E. Steiner (hereinafter "Plaintiff") is a natural person who resides in the City of Centerville, County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

-1-

5. Defendant American Accounts & Advisers, Inc. (hereinafter "Defendant") is a collection agency and business corporation with its principal place of business at 7460 80th Street South, Cottage Grove, Minnesota 55016, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Sometime before May 2013, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, services provided by Summit Orthopedics, Ltd., with an approximate balance of $180.48.

7. Thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

### *Illegal Collection Letter – May 14, 2013*

8. On or about May 14, 2013, Defendant sent an initial collection letter to Plaintiff demanding payment for this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9. Defendant's May 14, 2013, collection letter was printed on Defendant's letterhead, which read:

> AMERICAN ACCOUNTS & ADVISERS, INC
>
> SUMMIT ORTHOPEDICS  -  PRE-COLLECT PROGRAM

10. Defendant's May 14, 2013, collection letter then stated the following, in pertinent part:

> Re:
> Account Number: 787831
> Location: SUMMIT ORTHOPEDICS LTD
> Balance: 180.48
>
> Dear THREASA E STEINER
>
> Summit Orthopedics Ltd. has asked our agency to contact you to resolve your delinquent balance. Your account is not currently in collections and has not been reported to the credit bureau. To avoid being placed in collections, this account must be paid within 30 days.
>
> If you are unable to pay the balance in full, please contact Summit Orthopedics immediately at 651-968-5050 to discuss a payment plan or financial assistance options. If payment in full or other arrangements are not made in the next 30 days, your account will be placed in collections. At that point, Summit Orthopedics Ltd. will no longer be able to assist you with this balance.
>
> We accept payment by mail, phone or online at www.summitortho.com. We accept Visa, Master Card, and Discover cards.
>
> If you wish to mail your payment or credit card information, please use the following address:
>
> Summit Orthopedics, Ltd.
> PO Box 86 SDS 12-2901
> Minneapolis, MN 55486-0086
> 651-968-5050
>
> Please be sure to note your account number on your payment.
>
> American Accounts & Advisers, Inc.

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose. For our mutual protection, telephone calls may be recorded. This Collection Agency is licensed by the Minnesota Department of Commerce.

11. Pursuant to the FDCPA at 15 U.S.C. § 1692g, Defendant's May 14, 2013, initial collection letter also contained a validation notice advising Plaintiff of her right to dispute this debt within 30 days of receiving this collection letter.

12. Notably, Defendant did not provide its address, telephone number, or any other contact information in this collection letter.

13. Defendant's validation notice, however, instructs Plaintiff that she can dispute this debt in writing and request information, but Defendant failed to provide an address or other contact information to reach Defendant in violation of the FDCPA at 15 U.S.C. §§ 1692e, 1692f and 1692g.

14. By merely using its name on the letterhead and directing payment and future contact to the original creditor, Summit Orthopedics, it also appears that Defendant is acting as a "flat-rater" with this collection letter in violation of the FDCPA for flat-rating at 15 U.S.C. § 1692j.

15. Moreover, Defendant's May 14, 2013, collection letter demanded that Plaintiff make a payment "within thirty days" in order to avoid further collection efforts.

16. Since Plaintiff did not receive the collection letter the same day that it was sent, May 14, 2013, she was left with 29 days or less to pay, which was less than the 30-day period she was given to dispute the debt.

17. Defendant's demand for payment "within 30 days" left Plaintiff confused as to whether she had 30 days from the receipt of the letter to dispute the debt, or whether she would have to pay within 30 days from the date of the letter to avoid further collection activity.

18. Defendant's demand for payment in this May 14, 2013, collection letter overshadowed and contradicted Plaintiff's right to dispute this debt within 30 days of receiving the validation notice, in violation of the FDCPA at 15 U.S.C. § 1692g(b).

19. Defendant's May 14, 2013, collection letter also stated that Plaintiff's account was in a "pre-collect program" and was "not currently in collections."

20. However, at the same time, Defendant's May 14, 2013, collection letter represented that Plaintiff was in fact in collections by stating that she had a "delinquent balance" with the original creditor, that "this communication is from a debt collector," and that "this is an attempt to collect a debt."

21. Defendant's contradictory and confusing representations that Plaintiff was not in collections were false, deceptive and misleading representations in violation of the FDCPA.

22. Defendant's deceptive and misleading representations to Plaintiff were material representations that affected and frustrated her ability to respond to Defendant because Plaintiff was confused about whether she was in collections and whether she still had the right to dispute this debt before the expiration of the 30-day validation period.

23. This communication from Defendant was a deceptive, misleading, unfair and illegal communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(14), 1692f, 1692g, and 1692j, amongst others.

### *Summary*

24. The above-described collection communications made to Plaintiff by Defendant and the collection employees employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

### *Respondeat Superior Liability*

25. The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff as more further described herein, were committed

within the time and space limits of their agency relationship with their principal, the Defendant.

26. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

27. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

28. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in its attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

32. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**BARRY & HELWIG, LLC**

Dated: May 12, 2014

By:  **s/Patrick J. Helwig**
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA    )
                     ) ss
COUNTY OF HENNEPIN    )

Pursuant to 28 U.S.C. § 1746, Plaintiff Threasa E. Steiner, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____5____ , __12__ , __14__
            Month      Day      Year

_____Threasa Steiner_____
Signature